JS 44 (Rev. 06/17)

# JHS CIVIL COVER SHEET

18.cv. 2065

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JASON CLAYBROOK, individually and on behalf of others similarly situated,

**DEFENDANTS**
SOLID WASTE SERVICES, INC. d/b/a J.P. MASCARO AND SONS,

**(b)** County of Residence of First Listed Plaintiff   Montgomery County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JTB Law Group, LLC
155 2nd Street, Suite 4, Jersey City, New Jersey 07302
(877) 561-0000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.
Brief description of cause:
Failure to pay overtime compensation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

MAY 16 2018

DATE
05/15/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____



**UNITED STATES DISTRICT COURT** 18. CV. 2065

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _1637 Summit Ave, Willow Grove, PA 19090_

Address of Defendant: _2650 Audubon Rd., Audubon, PA 19403_

Place of Accident, Incident or Transaction: _109 Wile Rd. Souderton, PA 18964_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))          Yes☐   No☒

Does this case involve multidistrict litigation possibilities?          Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
          Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
          Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
          Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
          Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

**A.** *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) _Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq._

**B.** *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**

*(Check Appropriate Category)*

I, _Jason T. Brown_ , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _5/15/2018_          _____          PA Bar # 79369
Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

MAY 16 2018

DATE: _5/15/2018_          _____          PA Bar # 79369
Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

**JHS**  **UNITED STATES DISTRICT COURT**   18.CV.2065

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: ____1637 Summit Ave, Willow Grove, PA 19090____

Address of Defendant: ____2650 Audubon Rd., Audubon, PA 19403____

Place of Accident, Incident or Transaction: ____109 Wile Rd, Souderton, PA 18964____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ___Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.___

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, ____Jason T. Brown____, counsel of record do hereby certify:
   ☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

DATE: ___5/15/2018___   _____   PA Bar # 79369
                          Attorney-at-Law                Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

MAY 16 2018

DATE: ___5/15/2018___   _____   PA Bar # 79369
                          Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

 **IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

JASON CLAYBROOK, individually and
on behalf of others similarly situated,                  CIVIL ACTION

v.

SOLID WASTE SERVICES, INC. d/b/a
J.P. MASCARO AND SONS,                    NO. 18 . CV . 2065

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| 5/15/2018 | Jason T. Brown | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (201) 630-0000 | (855) 582-5297 | jtb@jtblawgroup.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY 16 2018



155 2ND STREET, SUITE 4 • JERSEY CITY, NEW JERSEY 07302 • TEL (201) 630-0000 • FAX (855) JTB-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

May 15, 2018

**Via Federal Express Overnight**
# 7722 2962 5530
ATTN: Clerk of the Court
United States District Court
Eastern District of Pennsylvania
601 Market Street
Room 2609
Philadelphia, PA 19106-1797
Attn: Initial Pleadings

> **Re:    *Claybrook v. Solid Waste Services, Inc. d/b/a J.P. Mascaro and Sons***

Dear Clerk of the Court,

Enclosed for filing please find the following documents for the above-referenced matter:

1. A Credit Card Collection Network Authorization Form for the filing fee $400;
2. A copy of the Civil Cover Sheet;
3. A copy of the Complaint and Exhibits A-B;
4. Two (2) copies of the Designation Form;
5. A copy of the Case Management Track Designation Form;
6. A copy of the Summons to Defendant Solid Waste Services, Inc. d/b/a J.P. Mascaro and Sons; and
7. A computer disc, in PDF format containing a copy of all documents provided in paper form, in conformity with the Local Rule 5.1.2.

If you have any questions, please feel free to contact our office at (201) 630-0000, or email me at Bernardo.valdez@jtblawgroup.com.

Thank you for your assistance.

Very truly yours,

Bernardo Valdez
Administrative Assistant

Encl.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JASON CLAYBROOK**, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiff,<br>vs.<br><br>**SOLID WASTE SERVICES, INC.** d/b/a **J.P. MASCARO AND SONS**,<br><br>　　　　　Defendant. | Civil Case No.: |

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

　　　Plaintiff Jason Claybrook, individually and on behalf of all others similarly situated, by and through his attorneys, JTB Law Group LLC, hereby brings this Collective and Class Action Complaint against Defendant Solid Waste Services, Inc. d/b/a J.P. Mascaro and Sons, alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

　　　1.　　Plaintiff brings this action for himself and all other similarly situated collective members to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq.*

　　　2.　　Plaintiff also brings this action for himself and on behalf of all other similarly situated Rule 23 class members to recover unpaid overtime compensation, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* ("PMWA") and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania

Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.* ("WPCL").

3.      Plaintiff and the putative FLSA collective and Rule 23 class members were employed by Defendant as drivers to perform waste collection and recycling services.

4.      Plaintiff and other similarly situated drivers performed primary job duties that do not fall within any exemptions from overtime under the FLSA and PMWA.

5.      Plaintiff and other similarly situated drivers regularly worked more than forty (40) hour per week.

6.      Regardless of how many hours they worked per week, Defendant paid Plaintiff and other similarly situated drivers a flat daily rate as base pay plus a unit rate for each waste can/bin collected and, on some occasions, hourly pay for extra work performed, without paying them overtime compensation.

7.      Defendant violated its statutory and contractual obligations by failing to pay Plaintiff and other similarly situated drivers overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per workweek.

8.      Plaintiff asserts the FLSA claims not only individually, but also on behalf of a putative FLSA collective, defined as:

> *All drivers employed by Defendant at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

9.      Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all drivers of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

10.     Plaintiff asserts the PMWA and WPCL claims not only individually, but also on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All drivers employed by Defendant in the Commonwealth of Pennsylvania at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

11.     Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

12.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

13.     The court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

14.     The Court has personal jurisdiction over Defendant because Defendant is incorporated and has a principal place of business in the Commonwealth of Pennsylvania.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because Defendant employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

### Defendant

16.     Defendant Solid Waste Services, Inc. d/b/a J.P. Mascaro and Sons is a for-profit entity created and existing under and by virtue of the laws of the Commonwealth of Pennsylvania.

17.     According to the Pennsylvania Department of State website, Defendant maintains a principal office at 2650 Audubon Rd., Audubon, PA 19403 in Montgomery County.

### Plaintiff

3

18.     Plaintiff Jason Claybrook ("Claybrook") is a resident of the County of Montgomery and Commonwealth of Pennsylvania.

19.     Claybrook was employed by Defendant as a driver at its 109 Wile Rd. Souderton, PA 18964 location.

20.     Claybrook was employed by Defendant from approximately May 2017 to April 2018.

21.     Claybrook's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

22.     At all relevant times, Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

23.     At all relevant times, Defendant generates over $500,000.00 in revenue per year.

24.     At all relevant times, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

25.     At all relevant times, Defendant is the "employer" of Plaintiff and other similarly situated drivers within the meaning of 29 U.S.C. § 203(d) of the FLSA, 43 P.S. § 333.103(g) of the PMWA and 43 P.S. § 260.2a. of the WPCL.

26.     At all relevant times, Plaintiff and other similarly situated drivers are "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA and 43 P.S. § 333.103(h) of the PMWA.

27.     At all relevant times, Defendant "suffered or permitted" Plaintiff and other similarly situated drivers to work and thus "employed" them within the meaning of 29 U.S.C. §203(g) of the FLSA and 43 P.S. § 333.103(f) of the PMWA.

28.     At all relevant times, Defendant, directly or indirectly, hired Plaintiff and other similarly situated drivers and determined the rate and method of the payment of wages.

29.     At all relevant times, Defendant controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiff and other similarly situated drivers.

30.     Plaintiff and other similarly situated drivers performed primary job duties that do not fall within any exemptions from overtime under the FLSA and PMWA.

31.     Plaintiff regularly worked 5 to 6 days a week for Defendant.

32.     Plaintiff regularly worked over 40 hours a week for Defendant.

33.     Defendant paid Plaintiff a flat daily rate of around $100 to $140 as base pay.

34.     Defendant additionally paid Plaintiff a unit rate of around $1.10 for each waste can/bin collected, and on some occasions, hourly pay at a rate of around $16 for extra work performed.

35.     Plaintiff regularly performs waste collection services for Defendant in the areas of Philadelphia, Levittown, Bristol and Morrisville, all of which are within the Commonwealth of Pennsylvania.

36.     As a driver performing waste collection services for Defendant, Plaintiff does not make interstate trips.

37.     Defendant violated its statutory and contractual obligations by failing to pay Plaintiff and other similarly situated drivers overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per workweek.

38.     For example, attached as **Exhibit B** is a copy of Plaintiff's paystub for the period

from 12/10/2017 to 12/16/2017.

39.     The paystub shows that Plaintiff worked 57.07 "daily hours" plus 4 "extra work" hours during this workweek. *See Id*.

40.     The paystub shows Defendant paid him a daily rate of $100 for 6 work days, a unit rate of $1.10 for 397 units of the waste can/bin collected and an hourly rate of $16 for 4 hours of extra work performed. *Id*.

41.     The paystub shows Defendant failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times his regular rate of pay for hours he worked in excess of forty (40) during the workweek of 12/10/2017 to 12/16/2017. *Id*.

42.     The statutes provide that "…all remuneration for employment paid to employees which does not fall within one of [the] seven exclusionary clauses must be added into the total compensation received by the employee before his regular hourly rate of pay is determined" so as to determine his overtime rate. 29 CFR 778.200 (c); *see also* 34 Pa. Code § 231.43, regulations for the PMWA.

43.     At all relevant times, Plaintiff and other similarly situated drivers have been subjected to the common pay policies and practices of Defendant as stated herein that violated the FLSA, PMWA and WPCL.

44.     Defendant was previously sued in this court for the same wage and hour violations under the FLSA, PMWA and WPCL in the matter of *MCKINNEY, et al v. SOLID WASTE SERVICES, INC., et al*., Case No.: 2:14-cv-00927-WD.

45.     Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor

and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

46.     Defendant's violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

47.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

48.     Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all drivers who have been affected by Defendant's common policies and practices which include failure to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

49.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All drivers employed by Defendant at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

50.     Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

51.     The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

52.     Plaintiff seeks to send Notice to drivers of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

53.     Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job position and performed the same or similar job duties as one another on behalf of Defendant; (b) they were subject to the same or similar unlawful practices and policies as stated herein; and (c) their claims are based upon the same factual and legal theories.

54.     The employment relationships between Defendant and every collective member are the same and differ only by name, location, and rates of pay. The key issue—the amount of uncompensated overtime owed to each driver—does not vary substantially among the collective members.

55.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

56.     Plaintiff and the putative FLSA collective members demand a trial by jury.

### RULE 23 CLASS ACTION ALLEGATIONS

57.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

58.     Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for an on behalf drivers who have been affected by Defendant's common policies and practices which include failure to pay overtime compensation, in violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* ("PMWA") and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania Wage Payment and

Collection Law, 43 P.S. § 260.1, *et seq.* ("WPCL").

59.     Plaintiff brings this Rule 23 class action on his own behalf and on behalf of:

> *All drivers employed by Defendant in the Commonwealth of Pennsylvania at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

60.     Plaintiff brings this Rule 23 class action against Defendant to recover unpaid overtime compensation, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the PMWA and WPCL.

61.     The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the Commonwealth of Pennsylvania. The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

62.     There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member. These common legal and factual questions, include, but are not limited to, the following:

> a.  Whether the Rule 23 class members worked more than forty (40) hours in any single workweek; and
>
> b.  Whether the Rule 23 class members were properly paid overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per workweek.

63.     Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. All of the class members

were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime compensation. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

64.     Plaintiff was employed by Defendant in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay overtime compensation. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

65.     Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

66.     Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

67.     Plaintiff and the Rule 23 class members demand a trial by jury.

**COUNT I**
**(29 U.S.C. § 216(b) Individual Claim)**
<u>**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**</u>
<u>**Failure to Pay Overtime Compensation**</u>

68.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

69.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

70. Plaintiff regularly worked more than forty (40) hours in a workweek.

71. Defendant failed to pay Plaintiff overtime compensation at a rate not less than one and one-half (1.5) times his regular rate of pay for hours he worked in excess of forty (40) per workweek.

72. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

73. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

74. As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(29 U.S.C. § 216(b) Collective Action Claim)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**Failure to Pay Overtime Compensation**

75. Plaintiff re-alleges and incorporates all previous paragraphs herein.

76. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a

workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

77.     Plaintiff and the FLSA collective members regularly worked more than forty (40) hours in a workweek.

78.     Defendant failed to properly pay Plaintiff the FLSA collective members overtime compensation at a rate not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per workweek.

79.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

80.     Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

81.     As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

### COUNT III
### (Individual Claim)
### Violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq*.
### Failure to Pay Overtime Compensation

82.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

83.     Plaintiff regularly worked more than forty (40) hours in a workweek.

84.     Defendant failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times his regular rate of pay for hours he worked in excess of forty (40)

per workweek.

85.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

86.     As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to PMWA.

**COUNT IV**
**(Fed R. Civ. P. 23 Class Action Claim)**
**Violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq*.**
**Failure to Pay Overtime Compensation**

87.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

88.     Plaintiff and the Rule 23 class members regularly worked more than forty (40) hours in a workweek.

89.     Defendant failed to pay Plaintiff and the Rule 23 class members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per workweek.

90.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

91.     As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to PMWA.

## COUNT V
### (Individual Claim)
**Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.***
**Failure to Pay Overtime Compensation**

92.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

93.     Plaintiff regularly worked more than forty (40) hours in a workweek.

94.     Defendant failed to pay Plaintiff overtime compensation at a rate of not less than one and one-half (1.5) times his regular rate of pay for hours he worked in excess of forty (40) per workweek.

95.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

96.     As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to WPCL.

## COUNT VI
### (Fed R. Civ. P. 23 Class Action Claim)
**Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.***
**Failure to Pay Overtime Compensation**

1.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

2.     Plaintiff and the Rule 23 class members regularly worked more than forty (40) hours in a workweek.

3.     Defendant failed to pay Plaintiff and the Rule 23 class members overtime compensation at a rate of not less than one and one-half (1.5) times their regular rate of pay for hours they worked in excess of forty (40) per workweek.

4.     Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

5.     As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to WPCL.

### **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A)     A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)     A declaratory judgment that Defendant's wage practices alleged herein violate the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*;

(C)     An Order for injunctive relief ordering Defendant to comply with the FLSA, PMWA and WPCL and end all of the illegal wage practices alleged herein;

(D)     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the PMWA and WPCL claims set forth herein;

(F)     Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)     Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)     Designating Lead Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I)     Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J)     Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K)     Judgment for damages for all unpaid overtime compensation, liquidated damages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.* as well as the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*;

(L)     An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M)     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as

16

provided by the FLSA, PMWA and WPCL;

(N)     Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and

Rule 23 class members may be entitled; and

(O)     Such other and further relief as to this Court may deem necessary, just and proper.

## **JURY DEMAND**

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class

members, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the

Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect

to the above entitled claims.

RESPECTFULLY SUBMITTED,

Dated:   May 14, 2018                    By:   /s/ *Jason T. Brown*

Jason T. Brown
Nicholas R. Conlon (will seek
admission *pro hac vice*)
Ching-Yuan Teng (will seek
admission *pro hac vice*)
**JTB LAW GROUP, LLC**
155 2nd St., Suite 4
Jersey City, NJ 07302
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
tonyteng@jtblawgroup.com

*Attorneys for Plaintiff*

17